[923 NYS2d 659]

In the Matter of KEVIN I. COHEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 24, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green,* Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Kevin I. Cohen*, East Meadow, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

On November 1, 2010, the respondent was convicted in the Nassau County Court, Criminal Term, after a jury trial before the Honorable John L. Kase, of scheme to defraud in the first degree, a class E felony, in violation of Penal Law § 190.65; grand larceny in the second degree, a class C felony, in violation of to Penal Law § 155.40; grand larceny in the third degree (11 counts), a class D felony, in violation of to Penal Law § 155.35; criminal possession of a forgery device (three counts), a class D felony, in violation of Penal Law § 170.40; attempted grand larceny in the third degree, a class E felony, in violation of Penal Law §§ 110.00 and 155.35; forgery in the third degree (10 counts), a class A misdemeanor, in violation of Penal Law § 170.05; criminal possession of a forged instrument in the third degree (seven counts), a class A misdemeanor, in violation of Penal Law § 170.20; and criminal impersonation in the second degree, a class A misdemeanor (two counts), in violation of Penal Law § 190.25. On December 7, 2010, the respondent was sentenced to terms of imprisonment of 1 to 3 years for scheme to defraud in the first degree; 1 to 3 years for grand larceny in the second degree; 1 to 3 years for each of the 11 counts of grand larceny in the third degree; 1 to 3 years for each of the three counts of criminal possession of a forgery device; 1 to 3 years for attempted grand larceny in the third degree; one year for each of the 10 counts of forgery in the third degree; one year for each of the seven counts of criminal possession of a forged instrument in the third degree; and one year for each of the two counts of criminal impersonation in the second degree. As some of the sentences were ordered to run consecutively, and others were ordered to run concurrently, the respondent's maximum sentence is 10 to 20 years. In addition, he was directed to pay restitution in the sum of $296,750.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony convictions. The respondent opposes the Grievance Committee's motion as premature in light of his pending appeal of his convictions.

By virtue of his felony convictions, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law

§ 90 (4), and was automatically disbarred on November 1, 2010. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, effective November 1, 2010, and the respondent's name is stricken from the roll of attorneys based on his disbarment.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Kevin I. Cohen, is disbarred, effective November 1, 2010, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Kevin I. Cohen, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Kevin I. Cohen, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Kevin I. Cohen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).